**Leibrandt Plumbing Company, Defendant in Error, v. Jacob Glos, Plaintiff in Error.**

**Gen. No. 16,705.**

1. CONTRACTS—*when question for jury.* Where the evidence is sharply conflicting whether defendant ordered plaintiff to "take care of" certain defective plumbing, the question is for the jury.

2. APPEALS AND ERRORS—*harmless error.* In an action for plumbing work performed, where defendant was asked on direct examina-

tion what he said to plaintiff about taking care of the plumbing, and answered that he did not tell plaintiff or anyone to take care of it but stated to plaintiff that he would go down to see what was necessary and that the agent was taking care of the building, such answer, though not entirely responsive, was improperly stricken, but the striking will not reverse where substantially the same matter was previously admitted.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed December 30, 1912.

JOHN P. O'CONNOR, for plaintiff in error.

FREDERICK A. BROWN and WILLIAM R. T. EWEN, JR., for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is writ of error to reverse a judgment for $118.23 of the Municipal Court of Chicago (in a fourth class case) in favor of the plaintiff below, the Leibrandt Plumbing Company, against the defendant below (plaintiff in error here), Jacob Glos.

The cause was tried before a jury in the municipal court and the judgment was rendered on a verdict for the amount stated.

The claim of the plaintiff was for plumbing work and materials furnished by the plaintiff to the defendant in a building belonging to the defendant at Thirtieth Street and Armour Avenue in Chicago.

The evidence for the plaintiff tends to show that a city plumbing inspector in May and June made three inspections of the plumbing in the building and found it defective, and that he notified the owner, Glos; that after the third inspection he was ordered to go to the building and turn off the water; that he thereupon went to the building and then to the office of the Leibrandt Plumbing Company, whom he knew had formerly done plumbing work for Glos, and informed the responsible parties in that office of the contemplated action; that after a conversation over the telephone between the secretary and treasurer of the company

and Glos, Mr. Leibrandt, the president of the company, took up the receiver and conversed with Glos, whose voice he knew and recognized, and that Glos after he had been informed of the situation and the leaky condition of the plumbing told him directly and definitely "to take care of it;" that thereupon the Leibrandt Company did what was necessary, and only what was necessary, to put the plumbing in good order, and that the amount recovered was a reasonable and customary charge for the labor and materials expended; that thereafter when the work was practically entirely done, Glos said to the secretary and treasurer of the plaintiff company, who went to his office to collect another bill, "Call your men off. I won't stand no more," and afterward complained to him, not that the work had been done without orders from him, but that the bill was too high.

The defendant testified that he did not give any order to have the work done; that he had a conversation with some person in the Leibrandt Company office, but merely told him that he (Glos) would go to the building and see if anything was necessary to be done, and if there was, would come over and see the company, and that afterwards when Marshall, the secretary and treasurer of the company, came to his (Glos') office and told him they were working on the building that he repudiated any liability and said that as he had not ordered the work, he would not pay the bills.

In this conflict of evidence, it was for the jury to decide. We see no reason for setting aside their decision.

The defendant argues that Liebrandt's cross-examination corroborates the testimony of Glos, but this we do not think is established by the record. Mr. Leibrandt testified indeed that Glos said that he would try to get down and see the building, and if he did get down there would see the company. But he did not retract the statement that he was ordered to take care

of the defective plumbing, but on the contrary reiterated it.

Complaint is made that an answer given by Mr. Glos on his direct examination to the leading question, "What did you say, if anything, to Mr. Leibrandt about taking care of it?" as follows:

"I didn't tell him anything about taking care of it. I told him I was going down to see if there was anything necessary to be done. I didn't tell anybody to take care of it. The agent was the one taking care of the building," was stricken out at the request of plaintiff's counsel and against the objection of the defendants. We do not see the necessity of striking this answer out, although it was not in its entirety responsive. But to strike it out under the circumstances was not reversible error or very material. The witness had previously undertaken twice, without objection, to give his version of the only conversation he had over the telephone with the Leibrandt office, and declared that his statement was that "he would go down and look at the building, and if there was anything necessary to be done, he would come over and see them," and had also without objection testified that he had not, in that conversation, said, "Take care of it." He had also testified that he had on the first time that it was brought to his attention that the work had been going on, repudiated any liability for it, because he had not ordered it.

We think that his denial of any order by him for the labor or materials recovered for was explicitly before the jury, and that the striking out of the answer in question had no effect on the verdict.

Not every erroneous ruling on evidence is a ground for reversal.

We are not satisfied that the judgment is against the law and the evidence, or that it resulted from substantial errors in the municipal court directly affecting the matters at issue between the parties, and it is affirmed.                              *Affirmed.*